United States District Court
Middle District of Florida
Jacksonville Division

**MICHAEL S. DIKER,**

    *Plaintiff,*

v.                                            NO. 3:19-cv-1059-BJD-PDB

**TRAVIS CHISHOLM ET AL.,**

    *Defendants.*

_____

# Order

Plaintiff Michael Diker moves to compel discovery responses and to extend case management deadlines. Doc. 58. Defendant Sompo America Insurance Company has no opposition to extending the deadlines but otherwise opposes the requested relief. Doc. 61.

Diker explains Sompo (1) failed to respond to expert witness interrogatories and requests for production served on August 25, 2020, and (2) provided unverified and unsigned responses to Diker's first set of interrogatories served on September 10, 2020. Doc. 58 at 1–2.

Diker asks the Court to compel Sompo to respond to the expert witness discovery, compel Sompo to provide signed and verified responses to the first set of interrogatories, and award Diker expenses incurred in bringing the

motion.[1] Doc. 58 at 1, 6–12. Because of ongoing medical treatment and the need to supplement discovery, Diker also asks the Court to extend the discovery deadlines and other deadlines by 45 days. Doc. 58 at 10–11.

Sompo explains it already disclosed under Rule 26(a)(2) much of the expert-witness information, it otherwise responded to the expert witness discovery the day Diker moved to compel, and Diker "was able to go forward with depositions of both experts and made no objection or request to reschedule due to some perceived inability to prepare." Doc. 61 at 2–3. Sompo represents it sent unverified and unsigned responses to the first set of interrogatories and has made efforts to have them notarized remotely, explaining the person answering them "is working in a remote situation with no access to a printer and no available notary." Doc. 61 at 1, 3.

A party must respond to interrogatories and requests for production within 30 days of service unless the court orders, or the parties stipulate to, a different response time. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and the "person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(3), (5). Pertinent here:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the

---

[1] In one sentence in the middle of the brief, Diker "requests that both experts named by Sompo be stricken." Doc. 58 at 8. Because Sompo provides no authority or analysis for that extreme sanction, the Court does not consider it further.

>unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
>>(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
>>
>>(Signature)".
>>
>>(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>>
>>(Signature)".

28 U.S.C. § 1746.

With limited exceptions, parties may stipulate to modifying procedures governing discovery. Fed. R. Civ. P. 29. This rule has been especially important during the pandemic. Combined with the expectation that discovery "in this district should be practiced with a spirit of cooperation and civility," *see* Middle District Discovery § I(A), lawyers are expected to generously use this rule to creatively accommodate lawyers, parties, witnesses, and others who face issues with remote work.

If a court grants a motion to compel or a party provides the requested discovery after a motion to compel is filed, the court "must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the

disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i–iii).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Applying these standards here, the Court **grants in part** the motion to compel, Doc. 58.

Sompo must provide signed responses to Diker's first set of interrogatories under oath or under § 1746 by **March 5, 2021**. No further relief on the motion to compel is warranted at this time because Sompo represents it responded to the outstanding discovery.

Finding Diker presents good cause, the amended case management and scheduling order, Doc. 53, is **vacated**. A second amended case management and scheduling order will be entered separately.

Circumstances make an award of expenses unjust; specifically, remote-working complications and discovery or courtesy lapses on both sides. On one side, for example, Diker at the last minute insisted on videotaping his compulsory medical examination under state-court standards despite that federal courts often deny such requests. *See* Docs. 47, 49, 51. On the other side, for example, Sompo informed Diker it would respond to outstanding discovery by January 22, 2021, but did not. *See* Doc. 58 at 3.

Diker also moves for the issuance of a subpoena to Sompo's expert, Dr. Christopher Rumana. Doc. 59. He seeks "documents concerning the research Dr. Rumana reviewed concerning [diffusion tensor imaging] that he used to

4

form his opinions concerning" Diker's brain MRI using that imaging. Doc. 59 at 2; Doc. 59-1 at 7 (subpoena listing seven requests for production).

A motion must include "a statement of the basis for the request, and a legal memorandum supporting the request." Local Rule 3.01(a).

The Court **denies** the motion for the issuance of a subpoena, Doc. 59, without prejudice.

Diker cites Federal Rule of Civil Procedure 16(b)(4), which pertains only to modifying a schedule. Doc. 59 at 3. He fails to address Rule 26(a)(2)(B), which states the requirements for an expert report, or Rule 26(b)(4)(C), which protects communications between a party's lawyer and the party's expert witness, and he fails to provide support for issuing a subpoena duces tecum on an opposing party's expert witness for other information, an issue about which there is some disagreement.

**Ordered** in Jacksonville, Florida, on February 22, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*